UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAMIKA NICOLE OGDEN, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 2:16-cv-00526 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes TAMIKA NICOLE OGDEN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful conduct.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4.  Plaintiff is a 37 year old person, who resides at in East Chicago, Indiana, which lies within the Northern District of Indiana.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7.  Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

8.  Defendant identifies itself as "a national leader in accounts receivable management."[1] Located at 20816 44th Avenue W, Lynwood, Washington, Defendant is a third party collect agency that is in the business of collecting consumer debts on behalf of its clients, including a debt allegedly owed by Plaintiff.

9.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

11. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

12. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

---

[1] http://www.receivablesperformance.com/about-us

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

14. In approximately September 2016, Plaintiff began receiving calls from Defendant to her cellular phone, (708) XXX-2550. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

15. The phone number that Defendant most often uses to contact Plaintiff is (425) 372-5308. *See* Exhibit A.

16. Upon information and belief, the phone number ending in 5308 is regularly utilized by Defendant to contact consumers during its debt collection activity.

17. When answering calls from Defendant, Plaintiff experiences a noticeable pause, several seconds in length, before a live representative comes on the line. *Id.*

18. Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls. *Id.*

19. On several occasions when Defendant has called Plaintiff she has told it to cease contacting her before disconnecting the call. *Id.*

20. Upon information and belief, Defendant is contacting payment seeking payment of a consumer obligation that she defaulted on.

21. Despite requesting that it stop contacting her, Defendant has continued to call Plaintiff, including multiple times during the same day. *Id.*

22. Defendant has attempted to contact Plaintiff not less than 30 times. *Id.*

3

23. With the goal of ending Defendant's conduct, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

24. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

25. Plaintiff has suffered financial loss as a result of Defendant's actions.

26. Plaintiff has incurred expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

    **a. Violations of the FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior harassed and annoyed her. Plaintiff conveyed to Defendant that she did not wish to be contacted. Defendant ignored these pleas and continued to call Plaintiff, including multiple times in the same day, knowing it would be inconvenient and harassing to her.

    **b. Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant placed calls to Plaintiff's cellular phone using an automated system. As such, it falsely and deceptively represented that it had the legal ability to do the same. However, because Defendant was notified by Plaintiff to cease calling her cellular phone, its calls were in violation of the TCPA.

    c. **Violations of the FDCPA §1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Even after telling Defendant to stop contacting her, Plaintiff continued to receive automated phone calls to her cellular phone. Attempting to coerce Plaintiff into answering the phone calls through a barrage of collection activity is unfair and unconscionable behavior.

36. As pled in paragraphs 22 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the call center noise Plaintiff heard is instructive that Defendant makes a large volume of calls during its debt collection practices. The nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

41. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining the Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

45. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

46. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she did not want to be contacted. Additionally, on multiple occasions she promptly disconnected Defendant's calls after answering. Both Plaintiff's words and actions told Defendant she desired for its calls to stop. However, Defendant has ignored these prompts in an abusive attempt to collect payment from her.

47. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

48. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

49. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

8

50. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

51. As pled in paragraphs 22 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016            Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com