# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TAMIKA NICOLE OGDEN, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-00526-RL-JEM |
| | ) |
| RECEIVABLES PERFORMANCE | ) |
| MANAGEMENT, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Receivables Performance Management, LLC ("Defendant") hereby responds on behalf of itself, and no other, to the Complaint of Plaintiff Tamika Nicole Ogden ("Plaintiff") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful conduct.

**ANSWER:** Defendant admits that Plaintiff brings this action based on the aforementioned statutes but denies any wrongdoing or violations of said statutes.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**ANSWER:** Defendant admits that it has transacted business in this District. Answering further, while it does not contest venue, Defendant denies that it committed the acts and transactions that Plaintiff alleges give rise to liability, and further denies any allegations of wrongdoing.

## PARTIES

4. Plaintiff is a 37 year old person, who resides at in East Chicago, Indiana, which lies within the Northern District of Indiana.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**ANSWER:** The allegations in Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, and on that basis denies same.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER:** The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "person" as defined in 47 U.S.C. § 153(39) of the TCPA, and on that basis denies same.

7. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

**ANSWER:** The allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "person" as defined in IDCSA, I.C. 24-5-0.5-2(a)(2), and on that basis denies same.

8. Defendant identifies itself as "a national leader in accounts receivable management."[1] Located at 20816 44th Avenue W, Lynwood, Washington, Defendant is a third party collect agency that is in the business of collecting consumer debts on behalf of its clients, including a debt allegedly owed by Plaintiff.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** The allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant is a "debt collector" as defined in §1692a(6) of the FDCPA, and on that basis denies same.

10. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER:** The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant is a "person" as defined in 47 U.S.C. §153(39) of the TCPA, and on that basis denies same.

11. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

**ANSWER:** The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant is a "supplier" as defined in IDCSA, I.C. 24-5-0.5-2(a)(3), and on that basis denies same.

12. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

---

[1] http://www.receivablesperformance.com/about-us

**ANSWER:** The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant's collection calls to Plaintiff were "consumer transactions" as defined in IDCSA, I.C. 24-5-0.5-2(a)(1)(C), and on that basis denies same.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13 of the Complaint.

### FACTS SUPPORTING CAUSES OF ACTION

14. In approximately September 2016, Plaintiff began receiving calls from Defendant to her cellular phone, (708) XXX-2550. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The phone number that Defendant most often uses to contact Plaintiff is (425) 372-5308. *See* Exhibit A.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Upon information and belief, the phone number ending in 5308 is regularly utilized by Defendant to contact consumers during its debt collection activity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. When answering calls from Defendant, Plaintiff experiences a noticeable pause, several seconds in length, before a live representative comes on the line. *Id.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls. *Id.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. On several occasions when Defendant has called Plaintiff she has told it to cease contacting her before disconnecting the call. *Id.*

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Upon information and belief, Defendant is contacting payment seeking payment of a consumer obligation that she defaulted on.

**ANSWER:** Defendant admits only that it attempted to collect a debt from Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Despite requesting that it stop contacting her, Defendant has continued to call Plaintiff, including multiple times during the same day. *Id.*

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant has attempted to contact Plaintiff not less than 30 times. *Id.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. With the goal of ending Defendant's conduct, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Plaintiff has suffered financial loss as a result of Defendant's actions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Plaintiff has incurred expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of the Complaint.

### COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1 through 27 as though fully set forth herein.

**a. Violations of the FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**ANSWER:** The allegations in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

30. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior harassed and annoyed her. Plaintiff conveyed to Defendant that she did not wish to be contacted. Defendant ignored these pleas and continued to call Plaintiff, including multiple times in the same day, knowing it would be inconvenient and harassing to her.

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**b. Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** The allegations in Paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U. S .C. §1692e(10).

**ANSWER:** The allegations in Paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant placed calls to Plaintiff's cellular phone using an automated system. As such, it falsely and deceptively represented that it had the legal ability to do the same. However, because Defendant was notified by Plaintiff to cease calling her cellular phone, its calls were in violation of the TCPA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of the Complaint.

    c.    **Violations of the FDCPA §1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Even after telling Defendant to stop contacting her, Plaintiff continued to receive automated phone calls to her cellular phone. Attempting to coerce Plaintiff into answering the phone calls through a barrage of collection activity is unfair and unconscionable behavior.

**ANSWER:** The allegations in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

36. As pled in paragraphs 22 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36 of the Complaint.

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief enumerated and requested under the prayer for relief in Count I of the Complaint, subparts a. through f., inclusive.**

### COUNT II - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER:** The allegations in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the call center noise Plaintiff heard is instructive that Defendant makes a large volume of calls during its debt collection practices. The nature and frequency of Defendant's contacts points to the involvement of an ATDS.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER:** The allegations in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of the Complaint.

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining the Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief enumerated and requested under the prayer for relief in Count II of the Complaint, subparts a. through e., inclusive.**

<u>COUNT III - VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT</u>

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to Paragraphs 1 through 42 as though fully set forth herein.

44. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

**ANSWER:** The allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

46. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she did not want to be contacted. Additionally, on multiple occasions she promptly disconnected Defendant's calls after answering. Both Plaintiff's words and actions told Defendant she desired for its calls to stop. However, Defendant has ignored these prompts in an abusive attempt to collect payment from her.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

**ANSWER:** The allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies any violation or wrongdoing.

49. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

**ANSWER:** Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. As pled in paragraphs 22 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(l)(2).

**ANSWER:** Defendant denies the allegations contained in Paragraph 51 of the Complaint.

WHEREFORE, Plaintiff, TAMIKA NICOLE OGDEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**WHEREFORE, Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiff is entitled to any relief, including the relief enumerated and requested under the prayer for relief in Count III of the Complaint, subparts a. through e., inclusive.**

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses, hereby states as follows:

### FIRST AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c).

### SECOND AFFIRMATIVE DEFENSE
### (PREEMPTION)

Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.

### THIRD AFFIRMATIVE DEFENSE
### (EXHAUSTION OF ADMINISTRATIVE REMEDIES)

Plaintiff's Complaint is barred due to her failure to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Defendant is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery under the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

### (WAIVER)

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (GOOD FAITH)

Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

## TWELFTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (JOINDER)

Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (RESERVED AFFIRMATIVE DEFENSES)

Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1. Plaintiff takes nothing by way of her Complaint herein and that this action is dismissed in its entirety;

2. For Defendant's attorney's fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

Dated: February 24, 2017    **GORDON & REES, LLP**

By: */s/ Angelo J. Kappas*
Angelo J. Kappas (#6289880)
GORDON & REES LLP
1 N. Franklin, Suite 800
Chicago, IL 60606
Phone: (312) 619-4903
Fax: (312) 565-6511
akappas@gordonrees.com
*Attorney for Defendant*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that defendant Receivables Performance Management, LLC hereby demands a trial by jury in this action.

Dated:  February 24, 2017

Respectfully submitted,

By:  /s/ *Angelo J. Kappas*
Angelo J. Kappas(#6289880)
GORDON & REES LLP
1 N. Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 619-4903
Fax: (312) 565-6511
akappas@gordonrees.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: February 24, 2017    Respectfully submitted,

By: /s/ *Angelo J. Kappas*
Angelo J. Kappas(#6289880)
GORDON & REES LLP
1 N. Franklin, Suite 800
Chicago IL, 60606
Phone: (312) 619-4903
Fax: (312) 565-6511
akappas@gordonrees.com
*Attorney for Defendant*