# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TAMIKA NICOLE OGDEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington corporation, <br><br> Defendant. | Case No.  2:16-cv-00526-RL-JEM <br><br> Dist. Judge:   Hon. Rudy Lozano <br> Mag. Judge:  Hon. John E. Martin |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

I. Introduction:..................................................................................................................... 1

II. Argument: ........................................................................................................................ 3

      A. Legal Standards............................................................................................................ 3

      B. Legal Prejudice to RPM............................................................................................... 4

            1. RPM is Entitled to Fees and Costs Under FDCPA..................................... 5

      C. RPM is Entitled to Fees and Costs Under 28 U.S.C. § 1927................................. 5

      D. RPM Is Entitled to Costs............................................................................................. 6

III. Conclusion: ....................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

Arora v. Transworld Systems, Inc., No. 1:15-cv-04941-CPK (N.D. Ill., Aug. 23, 2017) .............. 2

Athey v. Farmers Ins. Exchange, 234 F.3d 357 (8th Cir. 2000) ...................................................... 2

Fluker v. County of Kankakee, 741 F.3d 787, 794–795 (7th Cir. 2013) ........................................ 4

Hunter v. Surgitek/Medical Engineering Corp., 1992 U.S. Dist. LEXIS 9696, at *7–*9 (N.D. Ind. May 29, 1992) ................................................................................................................... 3

Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006) ................................ 5

Kapoulas v. Williams Ins. Agency, Inc., 11 F.3d 1380, 1382, 1383 (7th Cir. 1993) ...................... 3

Kapoulas v. Williams Ins. Agency, Inc., 11 F.3d 1380, 1383 (7th Cir. 1993) ................................ 4

Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) .................................................................... 3

Marx v. General Revenue Corp., 568 U.S. 371, 376-78 (2013) .................................................... 6

McCall-Bey v. Franzen, 777 F.2d 1178,1184 (7th Cir. 1985) ....................................................... 3

Otey v. City of Fairview Heights, 125 F. Supp. 3d 874, 881 (S.D. Ill. 2015) ................................ 4

Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) .......... 5

Parker v. Freightliner Corp., 940 F.2d 1019, 1022 (7th Cir. 1991) ............................................... 3

Planet Ins. Co. v. Griffith, 712 F. Supp. 659, 661 (N.D. Ill. 1989) ................................................ 4

Porm v. Meyer, 1995 U.S. App. LEXIS 14411, at *4 (7th Cir. June 8, 1995) ............................... 3

Pozo v. Stellar Recovery Collection Agency, Inc., No. 8:15-cv-929-T-AEP, 2016 WL 7851415 at *3-6 (M.D. Fl. Sept. 2, 2016) .......................................................................................... 2

Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980) .......................................................... 5

Schlusselberg v. Receivables Performance Management, LLC, No. 15-7572(FLW), 2017 WL 2812884 (D.N.J. June 29, 2017) ............................................................................... 2

Smith v. Stellar Recovery Inc., No. 2:15-cv-11717-SJM-MKM (E.D. Mich. Feb. 7, 2017) mag. recomm. adopted at 2017 WL 955128 ....................................................................... 2

Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994) .................................................. 3, 4

Tyco Lab., Inc. v. Koppers, Inc., 627 F.2d 54, 57 (7th Cir. 1980) .................................................. 3

Uforma/Shelby Bus. Forms, Inc. v. NLRB, 111 F.3d 1284 (6th Cir. 1997) .................................. 2

**Statutes**

15 U.S.C § 1692 ............................................................................................................................. 1

15 U.S.C. §1692k(a)(3) ......................................................................................................... 5, 6, 7

28 U.S.C. § 1927 ....................................................................................................................... 5, 7

47 U.S.C. § 227(b) ........................................................................................................................ 1

**Rules**

Fed. R. Evid. 408 .......................................................................................................................... 2

Fed. Rules Civ. Pro. 41(a) ............................................................................................................. 3

Fed. Rules Civ. Pro. 41(a)(2) ..................................................................................................... 1, 3

Fed. Rules Civ. Pro. 54 ................................................................................................................. 7

Fed. Rules Civ. Pro. 54(d)(1) ........................................................................................................ 6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Defendant, Receivables Performance Management, LLC ("RPM"), by and through its attorneys of record, Gordon & Rees, LLP, submit this Opposition to Plaintiff's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

**I.    INTRODUCTION:**

On December 20, 2016, Plaintiff initiated this litigation alleging three causes of action: 1) violations of the Fair Debt Collections Practices Act §§ 1692c(a)(1), 1692d, 1692e, and 1692f; 2) violations of the Telephone Consumer Protection Act §§ 227(b)(1)(iii); and, 3) violations of the Indiana Deceptive Consumer Sales Act I.C. 24-5-0.5-3(a) and (b)(19). The gravamen of Plaintiff's Complaint is that RPM called Plaintiff multiple times on her cell phone (xxx) xxx-2550 using an automatic telephone dialing system. (Dkt. # 1.) On February 24, 2017, RPM filed its amended answer and demand for jury trial in this matter. (Dkt. # 20.) On February 23, 2017, this court issued its scheduling order. (Dkt. # 19.) Discovery was to be completed by October 22, 2017. *Id*.

On March 1, 2017, Plaintiff served:

- 40 Requests for Production of Documents;
- 25 Interrogatories; and
- 16 Requests for Admission

On March 7, 2017, RPM served its first set of written discovery. On April 3, 2017, Plaintiff responded to discovery and produced <u>a single page</u> in response to 35 categories of document requests. On April 28, 2017, RPM responded to written discovery and produced 154 pages of documents and two sound recordings.

On October 6, 2017, the Court granted Plaintiff's motion for a protective order and to extend the discovery deadline to allow the depositions in this matter to be completed. (Dkt. # 28.) On November 3, 2017, after three notices of deposition and one motion for protective order

1

referenced above, Plaintiff was finally deposed. On November 13, 2017, in response to a Notice of Deposition containing 27 categories of testimony RPM was deposed for almost 3 hours.

LiveVox, Inc., the manufacturer of the telephone system at the heart of Plaintiff's TCPA claim, was never subpoenaed for any documents, or for deposition. Plaintiff Counsel's firm, however, has deposed LiveVox, Inc. in other TCPA cases brought by the firm, and is very well aware of the fact that the telephone system at issue in this case has been adjudicated numerous times, including one case involving RPM, as not constituting an automatic telephone system under the TCPA.[1]

On November 17, 2017, the Court Ordered that in light of the Close of Discovery that dispositive motions be filed on or before January 24, 2018. (Dkt. # 30.) On January 24, 2018, RPM timely filed its motion for summary judgment. (Dkt. # 32.)

On March 21, 2017, however, Plaintiff's Counsel had already stated he would litigate this case, and another nearly identical case against RPM, to the brink. (Ex. 1.)[2] Now that this case is on that brink of entry of summary judgment in RPM's favor, Plaintiff's Counsel is attempting to avoid any adverse rulings after forcing RPM to incur significant fees and costs to get its favorable ruling on the summary judgment motion.

Plaintiff's opposition to RPM's motion for summary judgment was due on or before February 21, 2018. On February 16, 2018, Plaintiff's Counsel stated that their client no longer

---

[1] See, Schlusselberg v. Receivables Performance Management, LLC, No. 15-7572(FLW), 2017 WL 2812884 (D.N.J. June 29, 2017); Arora v. Transworld Systems, Inc., No. 1:15-cv-04941-CPK (N.D. Ill., Aug. 23, 2017); Smith v. Stellar Recovery Inc., No. 2:15-cv-11717-SJM-MKM (E.D. Mich. Feb. 7, 2017) mag. recomm. adopted at 2017 WL 955128; Pozo v. Stellar Recovery Collection Agency, Inc., No. 8:15-cv-929-T-AEP, 2016 WL 7851415 at *3-6 (M.D. Fl. Sept. 2, 2016).

[2] While the subject statement was made within an e-mail labeled as a settlement communication under Fed. R. Evid. 408, the statement is not being offered to establish the validity, invalidity or amount of a disputed claim. Rather, it is being offered as evidence of a completely separate issue of abusive and "bad faith" litigation tactics.

There is the extensive case law finding Rule 408 inapplicable when compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim. See, e.g., Athey v. Farmers Ins. Exchange, 234 F.3d 357 (8th Cir. 2000) (evidence of settlement offer by insurer was properly admitted to prove insurer's bad faith); Uforma/Shelby Bus. Forms, Inc. v. NLRB, 111 F.3d 1284 (6th Cir. 1997) (threats made in settlement negotiations were admissible; Rule 408 is inapplicable when the claim is based upon a wrong that is committed during the course of settlement negotiations).

wished to pursue this matter and requested a stipulated dismissal. (Ex. 2.) There is no statement from Plaintiff herself regarding the reasons for the sudden dismissal. The parties were not able to reach an agreement relative to the terms of the proposed stipulated dismissal. On February 21, 2018, Plaintiff filed this unilateral motion to dismiss. (Dkt. # 34.)

As will be discussed in more detail below, Plaintiff's motion to dismiss should be denied and RPM's unopposed motion for summary judgment should be granted in its entirety.

## II.    ARGUMENT:

### A.    Legal Standards.

Rule 41(a) serves two general purposes. First, it authorizes voluntary dismissals of actions to enable plaintiffs to either start over or abandon the litigation. Second, by regulating the timing, frequency and conditions of such dismissals, the rule protects defendants from harassment and prejudice. Thus, "the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt."[3] The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court.[4]

A voluntary dismissal is most likely to be granted at an early stage of the litigation. Dismissals are thus routinely granted when the action has not been pending long and there has been little discovery or motion practice.[5] Conversely, a dismissal may be denied when it is

---

[3] Porm v. Meyer, 1995 U.S. App. LEXIS 14411, at *4 (7th Cir. June 8, 1995) (allows dismissal if there will be no prejudice); Parker v. Freightliner Corp., 940 F.2d 1019, 1022 (7th Cir. 1991) (dismissal required approval of court); McCall-Bey v. Franzen, 777 F.2d 1178,1184 (7th Cir. 1985) ("the language and history of Rule 41(a) imply [that] the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt").

[4] Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (district court abuses its discretion only if defendant shows "plain legal prejudice"); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994); (within sound discretion of court); Kapoulas v. Williams Ins. Agency, Inc., 11 F.3d 1380, 1382, 1383 (7th Cir. 1993) (summary judgment reviewed de novo).

[5] Tyco Lab., Inc. v. Koppers, Inc., 627 F.2d 54, 57 (7th Cir. 1980) (affirming voluntary dismissal when discovery was not so extensive and plaintiffs agreed they would not object to its use in future litigation); Hunter v. Surgitek/Medical Engineering Corp., 1992 U.S. Dist. LEXIS 9696, at *7–*9 (N.D. Ind. May 29, 1992) ("[d]ismissal often is granted when a Rule 41(a)(2) motion is made at the early stages of an action, before much has happened"; granting dismissal when no extensive discovery or trial preparation had occurred).

3

sought late in the litigation and the defendant has been put to great effort and expense in defending the action – as is the case in this matter.[6] More importantly, district courts have <u>broad discretion</u> to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.[7]

### B. Legal Prejudice to RPM.

As indicated above, RPM was required to respond to and engage in a significant amount of discovery in this case. Yet, Plaintiff never even attempted to subpoena documents from the company at the heart of her TCPA claim, nor arrange for its deposition. Moreover, after the close of nearly 9 months of Discovery, RPM expended a significant amount of time and resources drafting its motion for summary judgment. Rather than respond to RPM's motion, Plaintiff is simply attempting to avoid an adverse ruling and prejudicing RPM relative to the claims asserted in the operative complaint.

Coupled with the March 2017 representations from Plaintiff's Counsel of litigating this case to the brink, the motivations of this case should be patent. Indeed, Plaintiff's Counsel engaged in the same conduct in the matter of *Gailya Brown vs. IC System, Inc.*, where after significant discovery had been engaged in and IC System spent a significant amount of time and resources drafting a motion for summary judgment, Plaintiff's Counsel responded by dismissing TCPA claim, again the central issue in that case. (Ex. 3.)

Further, a voluntary dismissal in this case will deprive RPM of its right to seek prevailing party fees and costs.

---

[6] <u>Tolle v. Carroll Touch, Inc.</u>, 23 F.3d 174, 177 (7th Cir. 1994) (denying voluntary dismissal when discovery had been completed); <u>Kapoulas v. Williams Ins. Agency, Inc.</u>, 11 F.3d 1380, 1383 (7th Cir. 1993) (not abuse of discretion to deny dismissal when discovery was well under way); <u>Planet Ins. Co. v. Griffith</u>, 712 F. Supp. 659, 661 (N.D. Ill. 1989) (Discovery was closed and case was ripe for adjudication on the merits).

[7] <u>Fluker v. County of Kankakee</u>, 741 F.3d 787, 794–795 (7th Cir. 2013) (district court was well within its discretion to deny plaintiffs' "backdoor attempt to avoid the impending summary judgment decision on the merits" when plaintiffs had filed six motions for extensions of time throughout lengthy time case had been pending); and <u>Otey v. City of Fairview Heights</u>, 125 F. Supp. 3d 874, 881 (S.D. Ill. 2015) (court denied plaintiff's motion to dismiss with prejudice sexual harassment claim when defendant had spent significant time defending against that claim, had devoted large portion of its summary judgment motion to that claim and plaintiff had effectively abandoned the claim by failing to address it in summary judgment response).

4

### 1. RPM is Entitled to Fees and Costs Under FDCPA.

FDCPA §1692k(a)(3) provides in relevant part:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. §1692k(a)(3).

Dismissing the case at this point prior to a ruling on the merits by way of RPM's summary judgment motion will deprive RPM of the ability to obtain a ruling that this case was brought in bad faith pursuant to 15 U.S.C. §1692k(a)(3).

### C.   RPM is Entitled to Fees and Costs Under 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[8]

Section 1927 applies not only when a party loses on the merits, but any time an attorney abuses the court processes.[9] Section 1927 creates a continuing obligation for attorneys to dismiss claims that are no longer viable.[10] "The imposition of sanctions under section 1927 requires a finding of bad faith."[11] Bad faith conduct sanctionable under section 1927 may be knowing or reckless.[12]

Here, looking at the totality of the circumstances of a lengthy Discovery period, failure to pursue Discovery as to a principal witness to Plaintiff's TCPA claim, voluminous written and

---

[8] 28 U.S.C. § 1927.

[9] See, Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980).

[10] See, Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

[11] Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000).

[12] Id.

5

oral discovery (in light of the issues presented by the operative pleading), coupled with Plaintiff Counsel's March 2017 comments, and a total failure by Plaintiff's Counsel to support his client's decision to abandon her case after over one year of litigation, the motivations should be patent.

Thus, RPM requests that if the Court is inclined to grant Plaintiff's motion to dismiss, that a condition of the dismissal be Plaintiff Counsel's payment of RPM's reasonable fees and costs incurred in defending this litigation.

### D. **RPM Is Entitled to Costs.**

If Plaintiff's motion is granted, RPM Entitled to Fees and Costs Under *Marx v. General Revenue Corp.*

The United States Supreme Court found in *Marx v. General Revenue Corp.* that a district court may award a prevailing defendant its costs incurred in defending against an FDCPA lawsuit without a finding that a plaintiff brought the lawsuit in bad faith or for the purpose of harassment.[13]

Rule 54 provides, in relevant part:

Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.[14]

Rule 54 codifies a presumption that prevailing parties are entitled to costs and gives a district court the discretion to award costs.[15] In *Marx*, the Supreme Court resolved the issue of whether § 1692k(a)(3) of the FDCPA is a federal statute that "provides otherwise" under Rule 54(d)(1).

According to the Court, a statute "'provides otherwise'" than Rule 54(d)(1) if" the statute is "contrary" to the Rule. And a statute is contrary to the Rule if it limits a district court's discretion. Because section 1692k(a)(3) of the FDCPA is silent with respect to awarding costs "where bad faith and purpose of harassment are absent, and silence does not displace the

---

[13] See Marx v. General Revenue Corp., 568 U.S. 371, 376-78 (2013).

[14] Fed. Rules Civ. Pro. 54(d)(1).

[15] Marx, 568 U.S. 371 at 376-78.

6

background rule that a court has discretion to award costs," the Court found that § 1692k(a)(3) does not displace a district court's general discretion to award costs to the prevailing party.[16] As a result, a defendant can recover its costs in defending against an FDCPA claim, without showing bad faith and purpose of harassment on the part of the plaintiff.

Should the Court grant Plaintiff's motion to dismiss this case, such a dismissal should be with prejudice and thus qualify as an adjudication on the merits under Federal Rule of Civil Procedure 41.  Indeed, Plaintiff requests dismissal with prejudice in her motion to dismiss.  Thus, RPM would be a prevailing party for the purposes of Federal Rule of Civil Procedure 54 and able to recover its costs accrued in defense against Plaintiff's claims even absent a showing that Plaintiff's case was filed and continued in bad faith and for the purpose of harassing RPM.

### III.    CONCLUSION:

RPM believes there never was any merit to this case and Plaintiff's last minute attempt to dismiss this case will deprive RPM of the opportunity to have that issue adjudicated.  This will result in plain legal prejudice to RPM.  Therefore, RPM requests that Plaintiff's motion be denied.

In the alternative, if the Court is inclined to grant Plaintiff's motion in any regard, it should be: 1) with prejudice (as requested by Plaintiff's motion); 2) an order allowing for the recovery of Costs pursuant to Federal Rule of Civil Procedure 54; and 3) an order allowing for the recovery of attorneys' fees and costs from Plaintiff's Counsel pursuant to 28 U.S.C. § 1927.

Dated: March 7, 2018                                  Respectfully submitted,

                                          By:    *s/Sean P. Flynn*
                                                 Sean P. Flynn (SBN 220184)
                                                 **GORDON & REES LLP**
                                                 2211 Michelson, Drive, Suite 400
                                                 Irvine, California 92612
                                                 Tel:    949-255-6958
                                                 E-Mail:  *sflynn@grsm.com*
                                                 Attorneys for Defendant, Receivables
                                                 Performance Management, LLC

---

[16] Id at 383-388.

**EXHIBIT 1**

# Sean Flynn

| | |
|---|---|
| **From:** | Nathan Volheim <nvolheim@sulaimanlaw.com> |
| **Sent:** | Tuesday, March 21, 2017 4:18 PM |
| **To:** | Sean Flynn |
| **Cc:** | Angelo Kappas; Leslie Handy |
| **Subject:** | RE: Ogden & Hayes v. RPM - FRE 408 Settlement Communication |

For Settlement Purposes Only – Subject to FRE 408

**Rejected as to both.** Only because you asked, my blunt feelings are these are ridiculous offers that attempt to take advantage of my willingness to push cases through. If RPM wants to motivate me to elevate its cases to the top of my list, this is a great way to get that done. We are not countering and the $[Redacted] offer on each matter is withdrawn. RPM can have its extension and then expect to litigate the Hays case to the brink. As for Ogden, RPM can pad Charity's billable hours.

I will not let this response bleed into the [Redacted] discussions; however, [Redacted]s can expect a similar response if it chooses to counter.

All offers given were mindful of the risks and cost of litigation.   Have a great week.

---

**From:** Sean Flynn [mailto:sflynn@gordonrees.com]
**Sent:** Tuesday, March 21, 2017 6:05 PM
**To:** Nathan Volheim <nvolheim@sulaimanlaw.com>
**Cc:** Angelo Kappas <akappas@gordonrees.com>; Leslie Handy <lhandy@gordonrees.com>
**Subject:** Ogden & Hayes v. RPM - FRE 408 Settlement Communication

Nate,

In *Ogden*, you offered $[Redacted] – but we have HCI, only 26 calls, no contacts, and a DTV contract which provides consent on top of the HCI issue.

In *Hayes*, you offered $[Redacted] – [Redacted]

RPM counters with $[Redacted]K on *Hayes* [Redacted] damages), plus $[Redacted] for both, for a total of $[Redacted].

Please let us know your thoughts.

---

**SEAN P. FLYNN**   | Partner
**GORDON & REES LLP**

2211 Michelson Drive, Suite 400
Irvine, CA 92612
P: 949-255-6958
sflynn@gordonrees.com

vCard

www.gordonrees.com

Please consider the environment before printing this email.

2

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts * Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON & REES LLP**
http://www.gordonrees.com

2

EXHIBIT 2

**Sean Flynn**

| | |
|---|---|
| **From:** | Teddy Hatzidimitriadis <thatz@sulaimanlaw.com> |
| **Sent:** | Friday, February 16, 2018 2:31 PM |
| **To:** | Sean Flynn |
| **Cc:** | Nathan Volheim; Kiran Wadia |
| **Subject:** | RE: Ogden v. RPM |
| **Attachments:** | Draft of Agreed Stipulation of Dismissal - Ogden v. RPM.docx; Draft of Stipulation Order - Ogden v. RPM.docx |

Sean,

Our Client no longer wishes to pursue this matter.  As such, see the attached stipulation of dismissal, and please advise if we have your consent to file.

I hope you have an enjoyable weekend.

**Teddy Hatzidimitriadis**
Attorney at Law
Atlas Consumer Law – Division of Sulaiman Law Group, Ltd.

2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148

Phone: (630) 575-8181 x110
Direct: (630) 581-5858
Fax: (630) 575 - 8188
Email:  thatz@sulaimanlaw.com
**Website:**  **http://www.atlasconsumerlaw.com/**

*Licensed to practice in the State of Illinois; United States District Court for the Northern District of Illinois,  Northern and Southern Districts of Indiana,  Eastern and  Western Districts of Wisconsin, District of Colorado, Eastern District of Michigan, and the Northern, Eastern, Southern, and Western Districts of Texas.*




**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of

1

the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.

**NOT LEGAL ADVICE:** If you are not an existing client of Sulaiman Law Group, Ltd., do not construe anything in this e-mail to make you a client of Sulaiman Law Group, Ltd.  Any information in this communication is for discussion purposes only, and is not offered as legal advice. There is no right to rely on the information contained in this communication and **no attorney-client relationship is formed**.

**CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax related matter(s) addressed therein.

2

EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
### Eastern Division

Gailya Ann Brown
                          Plaintiff,

v.                                                     Case No.: 1:16–cv–09784
                                                       Honorable Jorge L. Alonso

I.C. System, Inc.
                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 7, 2017:

      MINUTE entry before the Honorable Jorge L. Alonso: A notice of voluntary dismissal of Count II of Plaintiff's complaint has been filed. Accordingly, Count II of Plaintiff's complaint is dismissed. Notice mailed by judge's staff (ntf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated:  March 7, 2018                         Respectfully submitted,

By:  /s/  *Sean P. Flynn*
Sean P. Flynn
Gordon & Rees, LLP
2211 Michelson Drive, Suite 400
Irvine, CA  92612
Tel: (949) 255-6958
Fax: (949) 474-2060
sflynn@grsm.com
  *Attorneys for Defendant, Receivables*
  *Performance Management, LLC.*