# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TAMIKA NICOLE OGDEN, | |
| Plaintiff, | Case No. 2:16-cv-00526-RL-JEM |
| v. | Honorable Rudy Lozano |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | Magistrate Honorable John E. Martin |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS**

NOW comes TAMIKA NICOLE OGDEN ("Plaintiff"), by and through her counsel, Sulaiman Law Group, Ltd., submitting her reply ("Plaintiff's Reply") in support of Plaintiff's Motion to Dismiss ("Plaintiff's Motion") pursuant to Fed. R. Civ. P. 41(a)(2), stating as follows:

## I. INTRODUCTION:

The arguments presented by Defendant in its opposition to Plaintiff's Motion are nothing more than continuous attempts to demean Plaintiff and her counsel's character and ethical comportment. Defendant's repeated condemnations stem from Plaintiff and her counsel's zealous prosecution of this matter. Defendant takes issue with the expenses that Plaintiff has apparently "forc[ed] [it] to incur," but in reality, many of these fees were actually caused by Defendant's own actions (*See e.g.* Dkt. 26 for a Motion for Protective Order Plaintiff was forced to file). Either way, Plaintiff has also incurred numerous expenses as a result of this litigation, so any theory that Plaintiff and/or her counsel prosecuted this matter with bad faith "motivations" is senseless. Now that Plaintiff has asked this Court to dismiss this matter with prejudice, Defendant seeks to continue

1

adding onto the expenses by opposing Plaintiff's Motion and requesting fees. However, as will be outlined herein, every basis upon which Defendant seeks fees is groundless and inappropriate.

Defendant's counsel states that "On March 21, 2017…Plaintiff's Counsel had already stated he would litigate this case, and another nearly identical case against RPM, to the brink." *See* Defendant's Response to Plaintiff's Motion to Dismiss ("Defendant's Response") at 2. [Dkt. 35 at 2]. Defendant illogically draws a causal relation in arguing that this statement "forc[ed] RPM to incur significant fees and costs to get its favorable ruling on the summary judgment motion." *Id.* Plaintiff's counsel made this remark as an attempt to ignite an interest from Defendant to settle the matter, as evidenced by the email's designation as a settlement communication under Fed. R. Evid. 408. Defendant is asking this Court to believe that Plaintiff's counsel knew, pre-discovery (Defendant served its discovery responses on April 28, 2017), that he would litigate this lawsuit all the way up until Defendant filed its summary judgment motion, whereby he would then seek a dismissal of the matter. Any detrimental reliance Defendant feels it suffered as a result of Plaintiff's counsel's statement made three months into the case is simply nonsensical.

## II. **ARGUMENT:**

### A. **Legal Standards.**

Whether to grant a Rule 41(a)(2) motion lies within the district court's discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A Rule 41(a)(2) motion should be granted unless a defendant can show it will suffer "some plain legal prejudice" as a result of dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). District courts have concluded that fees and costs should not ordinarily be imposed on a plaintiff as a condition of a Rule 41(a) motion. *Internmatch, Inc. v. Nxtbigthing, LLC*, No. 14-CV05438-JST, 2016 WL 540812, at *2 (N.D. Cal. Feb. 11, 2016); *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). In other circuits,

attorney's fees may be imposed as a consequence of voluntary dismissal only under "*exceptional circumstances*" or pursuant to Federal Rule of Civil Procedure 11. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (emphasis added) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the 'defendant cannot be made to defend again.' " (quoting *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965))); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[A] defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.").

### B. No Legal Prejudice to RPM.

Defendant brings its own Response to demise by contradicting itself and failing to understand that the costs of defending or prosecuting a lawsuit is not the "legal prejudice" which is contemplated by Fed. R. Civ. P. 41. Defendant argues that not obtaining a ruling on summary judgment would be prejudicial to it, stating, "Plaintiff is simply attempting to avoid an adverse ruling and [is] prejudicing RPM relative to the claims asserted in the operative complaint." [Dkt. 35 at 4]. However, Defendant then states that one of the central issues with regard to Plaintiff's TCPA claim is whether or not Defendant's telephone system constitutes an ATDS, conceding that "Plaintiff Counsel's firm [] has deposed LiveVox, Inc. in other TCPA cases brought by the firm, and is very well aware of the fact that the telephone system at issue in this case has been adjudicated numerous times, including one case involving RPM, as not constituting an automatic telephone system under the TCPA." [Dkt. 35 at 2]. Defendant argues it would be prejudiced by the lack of a hypothetical ruling it would receive on its motion for summary judgment, but given the ample cases Defendant's counsel has acknowledged were litigated on this issue, it is evident that this case will not advance the law in any way, especially given the fact that Plaintiff has chosen not to file a response brief. Mindful of this issue, Plaintiff's counsel even offered to negotiate a resolution

3

of the matter with the understanding that proving an ATDS would be a financial hurdle (i.e. retaining an expert witness, expert witness deposition, etc.). Defendant, however, chose to file its motion for summary judgment.

Defendant also continuously alludes to the erroneous notion that it was the sole party that incurred fees and expenses in litigating this matter, and downplays Plaintiff's fervent prosecution of this matter. Defendant states that it was required to "respond to and engage in a significant amount of discovery," and spend "a significant amount of time and resources drafting its motion for summary judgment," while "Plaintiff is simply attempting to avoid an adverse ruling." [Dkt. 35 at 4]. In actuality, Plaintiff and her counsel (1) issued discovery and responded to Defendant's discovery requests, (2) subpoenaed Plaintiff's phone records from her wireless carrier, (3) were forced to incur costs and fees associated with Plaintiff's filing of a motion for protective order due to Defendant's conduct [Dkt. 26], (4) traveled to Gary, Indiana to defend Plaintiff's deposition, (5) deposed Defendant's 30(b)(6) deposition, and (6) continuously engaged Defendant's counsel in settlement negotiations. Clearly, Plaintiff and her counsel vigorously prosecuted this matter into the late stages of litigation, so any ludicrous motivation that Defendant's counsel formulates from that is unfounded. Plaintiff and her counsel would have nothing to gain, and in fact, would have a lot to lose in costs and fees, by litigating a matter they did not feel was meritorious. To strengthen its argument, Defendant inappropriately attempts to draw a parallel to a distinct case involving a separate defendant, but in fact, that case lands another fatal blow into Defendant's Response. *See Gailya Ann Brown v. I.C. System, Inc.*, Case No. 16-cv-09784 (N.D. Ill.). With regard to *Brown*, Defendant states that "[A]fter significant discovery had been engaged in and [Defendant] spent a significant amount of time and resources drafting a motion for summary judgment, Plaintiff's Counsel responded by dismissing TCPA claim, again the central issue in that case." [Dkt. 35 at

4

4]. This is an extremely misleading comparison, and Defendant's continuous attempts to misinform this Court should be duly noted. In *Brown*, the plaintiff brought a three count complaint against the defendant for claims arising under the FDCPA, TCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Defendant complains about spending a significant amount of time and resources on its summary judgment motion in *Brown*, but the plaintiff in that case actually filed a response to the defendant's motion, for which a decision is still pending. Accordingly, Defendant cannot argue that it wasted time and resources drafting a motion for which a response was tendered. Defendant states that the central issue in these cases is the "TCPA claim," [Dkt. 35] but yet, does not mention the fact that the *Brown* case involved additional claims under the FDCPA and ICFA, similar to Plaintiff's claims here under the FDCPA and IDCSA. It is clear that Defendant cannot succinctly state how it was prejudiced in this matter, and the arguments advanced by Defendant do not rise to the *exceptional circumstances* required under the standard of review.

Defendant's stance also infringes upon public policy interests. If Defendant is awarded fees, it would force plaintiffs to continue prosecuting cases out of fear that a voluntary dismissal would subject them to a monetary penalty. This would violate basic judicial principles, as plaintiffs would be deterred from dismissing lawsuits.

    1.    **RPM is Not Entitled to Fees and Cost under the FDCPA.**

Defendant spends page after page criticizing the conduct of Plaintiff's counsel, but overlooks the fact that pursuant to Section 1692k(a)(3) of the FDCPA, only the Plaintiff's motives matter, so those of counsel are irrelevant. *Chavez v. Northland Group*, 2011 WL 317482 at *4 (D. Ariz. Feb. 1, 2011). In addition, this section only authorizes an award of fees against an unsuccessful plaintiff, but not her counsel. *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137,

1140–42 (9th Cir. 2009) ("We hold that 15 U.S.C. § 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys.")

In order for Defendant to be entitled to fees under § 1692k(a)(3), the defendant must show that the action was brought in bad faith, and bad faith must be established "with more than conclusory assertions." *Chavez v. Northland Grp*., No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *5 (D. Ariz. Feb. 1, 2011). To show bad faith or harassment, the defendant must provide evidence that "the plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant." *Millard v. Northland Grp., Inc*., No. 2:13–CV–00819–JAD, 2014 WL 6455986, at *1 (D. Nev. Nov. 17, 2014) (alterations omitted). Here, Defendant has provided no evidence indicating that Plaintiff brought this lawsuit in bad faith. The factual record shows that Defendant contacted Plaintiff numerous times in an attempt to collect upon a debt. Accordingly, Plaintiff filed this lawsuit and actively litigated it. Plaintiff has every right to seek dismissal of this matter, and considering the fact that Defendant has not advanced a single argument showing how Plaintiff brought her claims in bad faith, Defendant is not entitled to fees and costs under the FDCPA. *See e.g. Lysyuk v. I.C. Sys*., No. 2:17-cv-00283-JAM-CKD, 2017 U.S. Dist. LEXIS 166335 (E.D. Cal. Oct. 5, 2017) (The Court denied the defendant's request for attorney fees and costs under §1692k(a)(3) as Defendant did not show that Plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing Defendant); *Chavez*, 2011 U.S. Dist. LEXIS 10113, 2011 WL 317482, at *5 (denying a defendant's motion for attorney fees under § 1692k(a)(3) where the defendant failed to cite any case law discussing the application of § 1692k(a)(3)); *Millard*, 2014 U.S. Dist. LEXIS 161314, 2014 WL 6455986, at *1 (same).

In addition, it must be noted that a Plaintiff's withdrawal of a case or failure to defeat a motion for summary judgment is not by itself evidence that a case was brought in bad faith. *See*

*Schlotman v. Citibank*, No. 06–0803–CV–W–DW, 2007 WL 1425474, at *1 (W.D. Mo. May 10, 2007) (denying a request for attorney's fees where the defendant's motion to dismiss for failure to state a claim was granted). Rather, the Plaintiff must have both not had a colorable claim at all, so the claim was completely frivolous, and must have known the claim had no basis and brought it anyway with the intent to harass. *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (3rd Cir. 2007). Here, it is undisputed that (1) Plaintiff received repeated calls from Defendant, (2) Defendant was calling Plaintiff in order to collect upon a consumer debt, and (3) Plaintiff clearly remembered speaking with Defendant. Defendant's main argument otherwise seems to be an allegation that Plaintiff's counsel has brought other cases for other plaintiffs in the past that have been dismissed. While Plaintiff's counsel denies any bad faith in this case (which must be judged on its own), for purposes of §1692k(a)(3) counsel's intent is irrelevant.

### C. RPM is Not Entitled to Fees and Costs under 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides that any counsel who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions under § 1927 requires a finding of bad faith." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Bad faith conduct sanctionable under § 1927 may be knowing or reckless. *Id*. In seeking fees pursuant to § 1927, Defendant regurgitates its same argument regarding Plaintiff's counsel's "motivations," but Defendant fails to identify what those motivations are [Dkt. 35 at 6]. Again, Defendant does not provide a single argument outlining how Plaintiff's counsel acted in bad faith. Coincidentally, Defendant's counsel has sought fees under § 1927 in other similar matters, and such requests have been denied. For instance, in *Lysyuk v. I.C. Sys.*, No. 2:17-cv-00283-JAM-CKD, 2017 U.S. Dist. LEXIS 166335, at *10 (E.D. Cal. Oct.

7

5, 2017), the court denied Defendant's counsel's request for fees pursuant to this section as "defendant [did] not provide[] any citations to cases where conduct like Plaintiff's counsel's has been sufficient to constitute bad faith or harassment." Courts have found similar allegations of misconduct insufficient to warrant fees or costs under § 1927. *See, e.g., Chavez*, 2011 WL 317482, at *7–8 (denying a request for § 1927 sanctions); *Anderson v. Asset Acceptance, LLC*, No. C 09-2970 MEJ, 2010 WL 1752609, at *5 (N.D. Cal. Apr. 29, 2010) (same). Even if Plaintiff's counsel was wrong on the law, which it was not, sanctions would still be improper. *See Harlyn Sales Corp. Profit SharingPlain v. Kemper Fin. Serv., Inc.,* 9 F.3d 1263, 1270 (7th Cir. 1993) (sanctions do not inevitably flow from being wrong on the law).

Nevertheless, Plaintiff's counsel did not litigate this matter in bad faith. Plaintiff's counsel, engaged in discovery, traveled to defend a deposition, took Defendant's deposition and engaged in settlement negotiations. As such, Plaintiff's counsel also incurred numerous fees and costs in his attempts to prosecute this matter. Defendant's sole argument as to why it is entitled to fees under § 1927 is because of the following alleged acts committed by Plaintiff's counsel's: the "[F]ailure to pursue Discovery as to a principal witness to Plaintiff's TCPA claim, voluminous written and oral discovery (in light of the issues presented by the operative pleading), coupled with Plaintiff Counsel's March 2017 comments, and a total failure by Plaintiff's Counsel to support his client's decision to abandon her case after over one year of litigation, the motivations should be patent." *See* Defendant's Responses at 5-6 [Dkt. 35]. Again, Defendant's sole substantiation for this argument is from an email that Plaintiff's counsel sent pre-discovery. Furthermore, Defendant's statement that Plaintiff's Counsel failed to support his client's decision to abandon her case is false and another unsubstantiated attack. Plaintiff made the decision to cease pursuing this matter on February 16, 2017, which was when Plaintiff's counsel advised Defendant's counsel

8

as such. Considering Plaintiff's counsel is currently litigating well over 200 active cases, he has no reason or motivations to prolong cases that do not have merit. Here, Plaintiff ardently believed she had a meritorious claim and Plaintiff's counsel prosecuted the matter accordingly. Any imaginary motivations that Defendant seeks to conjure up in its hypothetical Response is baseless. Defendant did not prove that Plaintiff's counsel acted in subjective bad faith, and by failing to include specific citations of similar cases where conduct like Plaintiff's counsel's has been sufficient to constitute bad faith or harassment, presumably because they do not exist, Defendant has foregone its ability to recovery under § 1927.

### D. RPM is Not Entitled to Costs.

Next, Defendant relies on the Supreme Court's opinion in *Marx v. General Revenue Corporation*, 133 S. Ct. 1166 (2013), to argue that it is entitled to fees and costs under Fed. R. Civ. P. 54(d). [Dkt. 35 at 6]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In *Marx*, the Supreme Court held that "a district court may award costs to *prevailing* defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment." 568 U.S. at 374. Before analyzing the language in *Marx* it is important to point out some key factual distinctions between that case and the instant matter. In *Marx*, shortly after the plaintiff's complaint was filed, the defendant made an offer of judgment which the plaintiff did not respond to. *Id.* The case eventually went to trial, where the court found that the plaintiff had failed to prove any violation of the FDCPA. *Id.* Here, there was no offer of judgment, and in fact, Defendant failed to engage Plaintiff in good-faith settlement negotiations. In addition, Plaintiff sought to dismiss this matter well before the trial stage. As such, *Marx* is not on point with the facts at hand.

9

Even so, Defendant would not be the prevailing party in this situation, as it did not prevail at trial nor did it obtain a decision on the merits. More importantly, "A Plaintiff's abandonment of a case" by voluntary dismissal or withdrawal "does not render a defendant a prevailing party." *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 842 (M.D. Tenn. 2004); *See also Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 545 (N.D. Ohio 2007) ("A plaintiff's voluntary dismissal with prejudice does not render Rule 54(d) applicable as the nonmoving litigant is not a "prevailing party.'"); *Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, 2006 WL 709799 at *4 (E.D. Pa. Marc. 13, 2006). Here, Plaintiff voluntarily sought to dismiss her case and Defendant did not prevail on any merits nor at trial. As such, *Marx* misses the mark with this set of facts, and since Defendant cannot establish it is the prevailing party, it is not entitled to costs pursuant to Rule 54.

### E.  **Defendant's Counsel's Conduct is in Violation of the Fed. R. Evid. 408.**

This Court should be made aware of the fact that Defendant's counsel has included confidential settlement negotiations in its Response, which were not filed under seal. Pursuant to Fed. R. Evid. 408 ("Rule 408"), settlement-related evidence is inadmissible and must be excluded, as the only exceptions listed under this Rule include "[A]nother purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Defendant even acknowledges that Plaintiff's counsel's email was "[L]abeled as a settlement communication under Fed. R. Evid. 408." [Dkt. 35 at 2]. Yet, Defendant misreads Rule 408, as it claims that the protected communication "is being offered as evidence of a completely separate issue of abusive and 'bad faith' litigation tactics." *Id.* This is not one of the other purposes listed as an exception under Rule 408. In fact, the Advisory Committee's Notes on Rule 408 provide specific examples of instances in which settlement-related

evidence may be admissible. "The illustrative situations mentioned in the rule are supported by the authorities. As to proving bias or prejudice of a witness, see Annot., 161 A.L.R. 395, *contra, Fenberg v. Rosenthal*, 348 Ill. App. 510, 109 N.E.2d 402 (1952), and negativing a contention of lack of due diligence in presenting a claim, 4 Wigmore §1061. An effort to "buy off" the prosecution or a prosecuting witness in a criminal case is not within the policy of the rule of exclusion. McCormick §251, p. 542." *See also, e.g.*, *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 872 (2d Cir. 1994) (noting that the plaintiff could not rely on his settlements with third parties when calculating malpractice damages against his former attorney because the settlements were inadmissible under Rule 408); *Grinnell Mut. Reinsurance Co. v. Haight,* 697 F.3d 582, 585 (7th Cir. 2012) (Plaintiff's settlement demand may be considered as piece of evidence in determining whether amount-in-controversy threshold for diversity jurisdiction has been met); *See Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293–94 (2d Cir. 1999) (Settlement-related evidence admissible when a dispute arises over a completed settlement agreement).

Here, Defendant has not provided any supporting case law indicating how this correspondence falls within an exception of Rule 408, and in consequence, Defendant's Exhibit 1 should be stricken, and Defendant's counsel should be enjoined from engaging in this type of behavior going forward.

### III.    CONCLUSION:

As stated herein, in its attempt to seek fees, Defendant is engaging in unnecessary litigation when this matter should have been dismissed with prejudice as advanced by Plaintiff. Defendant is actually the party prolonging this litigation, not Plaintiff. Defendant has frivolously opposed this motion and has not set forth a substantiated basis to recover fees under any of the enumerated

sections in its Response. Accordingly, Plaintiff requests that this Court enter an order dismissing this action with prejudice and for both sides to bear their respective costs and fees.

Dated: March 14, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on March 14, 2018, he caused a copy of the foregoing, **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS,** to be served electronically via CM/ECF system on:

GORDON & REES LLP
Sean P. Flynn
2211 Michelson Drive, Suite 400
Irvine, California 92612
sflynn@grsm.com

*Counsel for Defendant,
Receivables Performance Management, LLC*

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com