# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TAMIKA NICOLE OGDEN, <br><br> Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, <br><br> Defendant. | CAUSE NO.: 2:16-CV-526-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, Tamika Nicole Ogden, Motion to Dismiss Her Filed Complaint [ECF No. 34], pursuant to Federal Rule of Civil Procedure 41(a)(2).

## BACKGROUND

The Plaintiff filed her Complaint [ECF No. 1] on December 20, 2016, alleging that the Defendant, Receivables Performance Management, LLC, violated the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and the Indiana Deceptive Consumer Sales Act. The Defendant filed an Answer [ECF No. 20], and the parties engaged in discovery and mediation. On January 24, 2018, the Defendant filed a Motion for Summary Judgment [ECF No. 32].

On February 21, 2018, the Plaintiff filed Plaintiff's Motion to Dismiss Her Filed Complaint [ECF No. 34] pursuant to Federal Rule of Civil Procedure 41(a)(2), seeking dismissal with prejudice. The Plaintiff states that she determined that dismissing this matter with prejudice would be appropriate and attempted to draft a stipulation of agreed dismissal with the Defendant.

1

(Pl.'s Mot. to Dismiss at 1.) The Defendant filed an Opposition to Motion to Dismiss [ECF No. 35], and the Plaintiff filed a Reply in Support [ECF No. 36]. The matter is now ripe for review.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request that the Court dismiss her claim, without the consent of the other parties in the action, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). After service of an answer or motion for summary judgment, the Court enjoys wide discretion in considering Rule 41 motions. Under these circumstances, dismissal is not automatic, and the Court, in its discretion, may issue an order dismissing the case. *Id.* As a result, the Court's chief concern in deciding whether and on what terms to grant a Rule 41(a)(2) dismissal should be fairness to the defendant, who in theory has not consented to the dismissal. *See Tyco Labs, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). In such cases, the plaintiff bears the burden of persuasion. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994) (citing *FDIC v. Knostman*, 966 F.2d 113, 1142 (7th Cir. 1992)). Dismissal under Rule 41(a)(2) is without prejudice, unless otherwise ordered by a court, and this suggests that the terms and conditions of dismissal should be for a defendant's benefit. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (stating that the terms and conditions "are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again").

A court would abuse its discretion if it were to permit voluntary dismissal where the defendant would suffer plain legal prejudice as a result. *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by the defendant. *Tyco Labs, Inc.*, 627 F.2d at 56. These factors, however, are guidelines and are not mandates. *Id*.

## ANALYSIS

The Defendant argues that dismissal will result in legal prejudice and that it is entitled to fees and costs pursuant to 28 U.S.C. § 1927, due to the Plaintiff's bad faith conduct during litigation. The Plaintiff argues that there is no legal prejudice and the Defendant is not entitled to fees or cost.

**A.     Rule 41(a)(2) Factors**

The Defendant states that dismissal pursuant to Rule 41(a)(2) is inappropriate and will result in plain legal prejudice because the dismissal is: (i) sought late in the litigation; (ii) the purpose is to avoid an adverse determination on the merits of the action and deny the Defendant an opportunity to adjudicate the issue; and (iii) a voluntary dismissal will deprive the Defendant of its right to seek prevailing party fees and costs. (Def.'s Resp. at 4.) The Plaintiff responds that the Defendant's arguments do not constitute a showing of legal prejudice, as the costs of defending or prosecuting a lawsuit are not "legal prejudice" as Rule 41 contemplates. (Pl.'s Reply at 3.)

"In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (quoting 2B Barron and Holtzoff, Federal Practice and Procedure § 912, p. 167 (Wright ed. 1961)). Plain legal prejudice may result from "the defendant's effort and expense of preparation for trial,

3

excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Labs., Inc.*, 627 F.2d at 56 (quoting *Pace v. S. Express Co.*, 409 F.2d 331 (7th Cir. 1969)). Plain legal prejudice, however, is "more clearly shown where the defendant has filed a counterclaim prior to the time that plaintiff has moved to dismiss, a circumstance which is specifically covered by the language of the Rule." *Id*. The Defendant has no counterclaim or circumstance specifically covered by the language of Rule 41. Rather, the Defendant argues that the efforts it expended in discovery and its pending Motion for Summary Judgment constitute legal prejudice. The question for the Court then is whether any of the Defendant's alleged harms align with the guidelines the Seventh Circuit outlined in *Tyco*.

In the first instance, discovery in this matter has not been so extensive as to be tantamount to plain legal prejudice that would preclude dismissal. Though the Defendant argues that the Plaintiff's production was scant, both the parties exchanged discovery. The Plaintiff appeared for a deposition and deposed the Defendant and vice versa. These facts are readily distinguishable from the cases the Defendant cited in support of its argument that it will suffer legal prejudice— *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994), and *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1383 (7th Cir. 1993). The litigation in *Tolle* had been pending for four years, discovery had been completed for approximately twenty-two months, and the district court had limited the contested issues in the matter by granting a partial summary judgment motion. *Tolle*, 23 F.3d at 177–78. In this case, the Plaintiff's Motion to Dismiss was filed less than two years after the commencement of litigation, discovery was completed less than a year [ECF No. 28] before the Plaintiff filed the motion, and no summary judgment ruling has limited the scope of the issues. Likewise, *Kapoulas* is similarly inapplicable, as the plaintiff

4

in that action attempted to dismiss the case after discovery had been underway to refile in state court and avoid the district court's adverse rulings. *Kapoulas*, 11 F.3d at 1385. There is no indication that the Plaintiff intends that here.

Second, the Defendant's argument that it may be prejudiced by the lack of a Court's ruling on its Motion for Summary Judgment [ECF No. 32] is not sufficient to constitute plain legal prejudice. Such a hypothetical ruling would likely not be so beneficial or prejudicial as to constitute legal prejudice. Again, the cases the Defendant cited in support of its argument, *Fluker v. County of Kankakee*, 741 F.3d 787, 794–95 (7th Cir. 2013), and *Otey v. City of Fairview Heights*, 125 F. Supp. 3d 874, 881 (S.D. Ill. 2015), are distinguishable from the present facts. Unlike in *Fluker*, the Plaintiff did not file several motions for extension of time to respond to the Defendant's Motion for Summary Judgment. In *Otey*, the plaintiff sought to abandon only some of his claims, which the defendant had expended considerable time addressing in its summary judgment motion. *Otey*, 125 F. Supp 3d at 881. Moreover, in the present case, the Plaintiff is seeking to dismiss all its claims with prejudice.

Finally, the Defendant argues that it will be prejudiced as it will not be able to collect fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). 15 U.S.C. § 1692k(a)(3) states: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id*. A finding of bad faith requires the Defendant to show that the Plaintiff's *entire lawsuit* was brought in bad faith and to harass the Defendant. *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003) (emphasis added). The Plaintiff states that the Defendant is not entitled to fees under § 1692k(a)(3) because it cannot show that the action was brought in bad faith. (Pl.'s Reply at 6.)

The Defendant does not argue persuasively that the Plaintiff's entire case was brought in bad faith such that the Court's dismissal may deprive it of potential relief under § 1692k(a)(3). Instead, the Defendant points to the Plaintiff's failure to answer its summary judgment motion as evidence of bad faith. As the Plaintiff argues, a lack of response to the Defendant's summary judgment motion is not per se evidence that the case itself was brought in bad faith, particularly when the Plaintiff actively litigated the case (Pl.'s Reply at 7.)

The Plaintiff has provided a valid reason for the dismissal of the case—the Plaintiff has determined that dismissing the case with prejudice is the best course of action. (Pl.'s Mot. to Dismiss ¶ 4.) There is no indication that a dismissal will be prejudicial or unfair to the Defendant. Accordingly, the Court GRANTS the Plaintiff's Motion to Dismiss and DISMISSES WITH PREJUDICE.

**B.     Fees and Costs**

The Defendant also argues that, should the Court grant the Plaintiff's Motion to Dismiss, the Court should grant the Defendant fees and costs pursuant to 28 U.S.C. § 1927 because of the Plaintiff's bad faith conduct and abuse of the Court processes.[1] (Def.'s Resp. at 9.) Finally, the Defendant argues that it is entitled to costs based upon the Supreme Court's ruling in *Marx v. General Revenue Corp* because it was the prevailing party in a FDCPA action. The Plaintiff argues that the Defendant cannot prove that it acted in bad faith and that *Marx* is inapplicable.

---

[1] Pursuant to N.D. Ind. L.R. 7-1, motions must be filed separately and be named in the title following the caption. The Defendant did not file a separate motion nor note its request pursuant to 28 U.S.C. § 1927 in its caption. For the purposes of judicial economy, however, the Court will address the Defendant's request in this Opinion and Order.

**1.**     *28 U.S.C. § 1927 Counsel's Liability for Excess Costs*

28 U.S.C. § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. For the Court to impose § 1927 sanctions, some evidence of subjective or objective bad faith must be shown. *Ross v. City of Waukegan*, 5 F.3d 1084, 1089 n. 6 (7th Cir. 1993). "A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough." *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017). This is conduct that is beyond unreasonable. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). Cases in which the Seventh Circuit has upheld § 1927 sanctions "have involved situations in which counsel have acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of those claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Id*. at 1184–85; *see also Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 842 (N.D. Ind. 1995). Thus, sanctions under this statute are only warranted when an attorney "[engages] in a serious and studied disregard for the orderly process of justice." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).

The Defendant argues that the lengthy discovery period and failure to pursue discovery as to a principal witness to one of the Plaintiff's claims, among other things, make it clear that the Plaintiff's conduct was vexatious and in bad faith. The Defendant fails to persuade the Court that the Plaintiff's conduct constituted a serious disregard for the court process. The Plaintiff participated in discovery and court hearings, actively adjudicated this matter, and adhered to the Court's deadlines. As such, the Court does not find that the Defendant is entitled to costs and attorneys' fees pursuant to 28 U.S.C. § 1927.

2. *Applicability of* **Marx v. General Revenue**

Finally, the Defendant argues that it is entitled to fees and costs under Federal Rule of Civil Procedure 54(d) pursuant to the Supreme Court's opinion in *Marx v. General Revenue Corporation*, 568 U.S. 371 (2013). Rule 54 states, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In *Marx*, the Supreme Court held that "a district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment." 568 U.S. at 374. As with the other precedent the Defendant cited in support, *Marx* is not applicable to the facts at hand. In *Marx*, there was an offer of judgment to which the plaintiff failed to respond, the case went to trial, and the judge found that there was no violation of the FDCPA. Here, the Plaintiff sought to dismiss the matter well before the trial stage. Further, the Defendant has not indicated why it would be considered the "prevailing party" in this situation, particularly where the Court is dismissing the case not for any defect but on the request of the Plaintiff. As such, the Court does not find that the Defendant is entitled to costs pursuant to Federal Rule of Civil Procedure 54(d) or *Marx*.

C. **Rule 408 and Summary Judgment Motion**

In her Reply, the Plaintiff contends that the Defendant violated Federal Rule of Evidence 408 and requests that the Court strike Defendant's Exhibit 1 and enjoin counsel from engaging in such behavior. As the Court has dismissed this case with prejudice, the Court finds that the Plaintiff's request is MOOT.

Likewise, the Defendant's Motion for Summary Judgment [ECF No. 32] is also MOOT.

8

## CONCLUSION

The Court GRANTS the Plaintiff's Motion to Dismiss [ECF No. 34], and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE with each party to bear its own fees and costs.

SO ORDERED on June 11, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT